**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PARAMJIT SINGH, | No. 08-72709 |
| Petitioner, | Agency No. A098-537-234 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2011[**]

Before:     PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Paramjit Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003), and we review de novo due process claims, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the letter Singh submitted purporting to be from the All India Sikh Student's Federation in support of his asylum claim but was dated before he came to the United States, his inconsistent explanations for the letter, and his omission from his asylum application and his direct testimony that he twice suffered injuries that resulted in hospitalization. *See Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir. 2004) (an adverse credibility finding may be based on the submission of possibly fraudulent documents); *Kin v. Holder*, 595 F.3d 1050, 1057 (9th Cir. 2010) (omission of a "dramatic incident" from petitioner's asylum application and direct testimony was significant enough to support an adverse credibility finding). In the absence of credible testimony, Singh's asylum and withholding claims fail. *See Farah*, 348 F.3d at 1156.

08-72709

Because Singh's CAT claim is based on the testimony the agency found not credible, and he points to no other evidence showing it is more likely than not he will be tortured if returned to India, his CAT claim also fails. *See id.* at 1156-57.

We lack jurisdiction to review Singh's claim that the IJ violated his due process rights by instructing his counsel to "move on" with questioning because Singh failed to raise it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**